UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY TAYLOR,

      Plaintiff,

    v.

144TH FIGHTER WING, CALIFORNIA
AIR NATIONAL GUARD, CALIFORNIA
NATIONAL GUARD, DEFENSE
FINANCE AND ACCOUNTING
SERVICES (DFAS), HARRY M.
WYATT III, DAVID S. BALDWIN,
SAMI D. SAID, MARK GROVES,
TERESA MCKAY, and DOES ONE
THROUGH TEN,

      Defendants.
_____/

NO. CIV. 2:12-2466 WBS DAD

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

----oo0oo----

      Plaintiff Gary Taylor brought suit against defendants
144th Fighter Wing ("FANG"), California Air National Guard
("CANG"), California National Guard ("CNG"), Defense Finance and
Accounting Services ("DFAS"), Lieutenant General Harry M. Wyatt
III, Director of the Air National Guard, Major General David S.
Baldwin, Adjutant General of the California Military Department,

1

Colonel Sami D. Said, Commander of FANG, Lieutenant Colonel Mark
Groves, comptroller of FANG, and Teresa McKay, director of DFAS,
asserting claims arising from a dispute over payments that
plaintiff received while serving as a dual-status military
technician employed by CANG.  Plaintiff filed a First Amended
Complaint ("FAC") on January 29, 2013.[1]  (Docket No. 21.)

        As to FANG, CANG, and CNG (collectively, the
"California Military Department"), plaintiff brings claims for
violation of privacy under the Information Practices Act of 1977,
Cal. Civ. Code § 1798.45; violation of privacy for disclosure of
improperly maintained records under the Information Practices Act
of 1977, Cal. Civ. Code § 1798.18; violation of privacy under the
California Public Records Act, Cal. Gov't Code §§ 6250-6277;
negligent disclosure of records; false light invasion of privacy;
and intentional infliction of emotional distress (also against
Wyatt).  Plaintiff brings a claim against DFAS for violation of
privacy under the Privacy Act of 1974, 5 U.S.C. § 552a, and for
an injunction pursuant to § 552a(g)(3)(A) ordering DFAS to
release records requested by plaintiff and to amend records
related to plaintiff.[2]  Finally, he brings claims against Wyatt,

_____

        [1]   Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 230(g).

        [2]   Plaintiff titles his ninth cause of action "Ninth Cause
of Action for Order Enjoining FANG, CANG, and CNG."  (FAC at
19:19.)  However, under that heading, plaintiff then asserts that
he seeks "an order under 5 U.S.C. 552a(g)(3)(A) enjoining DFAS
from withholding the records requested by plaintiff, and for an[]
order under 5 U.S.C. 552a(g)(2)(A) ordering DFAS to amend its
records . . . ."  (Id. ¶ 140.)  Given the nature of plaintiff's
request and because plaintiff does not oppose dismissing his
claims against the California Military Department, but seeks to

Baldwin, Said, Groves, and McKay for violation of civil rights under 42 U.S.C. 1983 and against Wyatt and McKay for violation of civil rights under <u>Bivens</u>.  The California Military Department moves to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Docket No. 17.)

Plaintiff does not oppose California Military Department's motion to dismiss pursuant to Rule 12(b)(1) on the ground that the court lacks subject matter jurisdiction to adjudicate the claims against the California Military Department.[3]  (Non-Opp'n at 1:19-22 (Docket No. 24).)  Accordingly, California Military Department's motion must be granted.

IT IS THEREFORE ORDERED that the 144th Fighter Wing, California Air National Guard, and California National Guard's motion to dismiss be, and the same hereby is, GRANTED with prejudice.

DATED:  February 21, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

continue to litigate this claim, the court will interpret this claim to be one for injunctive relief against DFAS.

[3]    Plaintiff requests leave to continue to litigate his first, second, eighth, ninth, and tenth causes of action in federal court.  The court expresses no opinion as to whether those claims may be maintained in federal court as that issue is not currently before it.