UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GARY TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> DEFENSE FINANCE & ACCOUNTING SERVICE; UNITED STATES OF AMERICA; DAVID S. BALDWIN; HARRY M. WYATT III; MARK GROVES; TERESA MCKAY; DOES ONE through TEN, <br><br> Defendants. | NO. CIV. 2:12-2466 WBS DAD <br><br> ORDER RE: MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |

----oo0oo----

In a separate Order, this court granted summary judgment on each of plaintiff's four remaining claims in this action. (Docket No. 62.) Plaintiff now moves for leave to file an amended complaint. (Docket No. 49.) Because the court's summary judgment Order resolved every claim at issue in this case, it would be inappropriate to permit amendment at this juncture. See, e.g., Nguyen v. United States, 792 F.2d 1500,

1

1503 (9th Cir. 1986) ("A court will ordinarily be reluctant to allow leave to amend to a party against whom summary judgment has been entered." (citing C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2712 (2d ed. 1983)); Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1991), abrogated on other grounds by Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").

As the court made clear in its Order granting summary judgment, plaintiff is free to bring any other claim that the court has not disposed of in its summary judgment Order in a separate action.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend be, and the same hereby is, DENIED.

Dated:  January 2, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2